# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARL D. RIVERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL**

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | List of Counsel of Record |
| A-2 | N/A | State Court Docket Sheet |
| A-3 | 08/01/2024 | Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures |
| A-4 | 08/01/2024 | Civil Process Request Form |
| A-5 | 08/05/2024 | Temporary Restraining Order |
| A-6 | 08/07/2024 | Citation |
| A-7 | 08/08/2024 | Clerk's notice re Temporary Restraining Order |
| A-8 | 08/19/2024 | Defendant's Original Answer |
| B | | Fort Bend County Appraisal District Report |

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARL D. RIVERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.** | § | |
| | § | |
| **Defendant.** | § | |

## LIST OF COUNSEL OF RECORD

**COUNSEL FOR PLAINTIFF:**

Carl D. Rivers

Erick DeLaRue
Texas Bar No. 24103505
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
(713) 899-6727 (Telephone)
erick.delarue@delaruelaw.com

**COUNSEL FOR DEFENDANT:**

JPMorgan Chase Bank, N.A.

Wm. Lance Lewis, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635

Gregory M. Sudbury, of counsel
Texas Bar No. 24033367
S.D. Bar No. 575264

QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C., of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
gsudbury@qslwm.com

# Exhibit A-2

# REGISTER OF ACTIONS
## CASE NO. 24-DCV-318940

| Carl D Rivers v. JPMorgan Chase Bank, N.A. | § | | Case Type: | **Other Civil** |
|---|---|---|---|---|
| | § | | Date Filed: | **08/01/2024** |
| | § | | Location: | **458th District Court** |
| | § | | | |
| | § | | | |
| | § | | | |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant or Respondent** | JPMorgan Chase Bank, N.A.<br>New York, NY 10017 | |
| | | |
| **Plaintiff or Petitioner** | Rivers, Carl D | Erick DeLarue<br>*Retained*<br>713-899-6727(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/01/2024 | **Petition**　　　**Index # 1** | |
| | *Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures* | |
| 08/01/2024 | **Request**　　　**Index # 3** | |
| | *Civil Process Request Form* | |
| 08/05/2024 | **Temporary Restraining Order**　　　**Index # 2** | |
| | *Temporary Restraining Order* | |
| 08/07/2024 | **Issuance**　　　**Index # 4** | |
| | *Citation Issued to JPMorgan Chase Bank, N.A.* | |
| 08/07/2024 | **Citation** | |
| | *E-Serve* | |
| | JPMorgan Chase Bank, N.A. | Unserved |
| 08/08/2024 | **Copy of Order/Judgment Sent - Rule 21 (f) (10)**　　　**Index # 5** | |
| | *Index #2 Sent to Parties* | |
| 08/19/2024 | **Answer/Contest/Response/Waiver**　　　**Index # 6** | |
| | *Defendant JPMorgan Chase Bank, N.A.'s Original Answer* | |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff or Petitioner** Rivers, Carl D | | |
| Total Financial Assessment | | 363.00 |
| Total Payments and Credits | | 363.00 |
| **Balance Due as of 08/19/2024** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 08/05/2024 | Transaction Assessment | | | 358.00 |
| 08/05/2024 | E-filing | Receipt # 2024-29849-DCLK | Rivers, Carl D | (221.00) |
| 08/05/2024 | State Credit | | | (137.00) |
| 08/05/2024 | Transaction Assessment | | | 5.00 |
| 08/05/2024 | In Person Payment | Receipt # 2024-29963-DCLK | Rivers, Carl D | (5.00) |

# Exhibit A-3

Filed
8/1/2024 9:51 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Cavazos

**CAUSE NO. 24-DCV-318940**

| | | |
|---|---|---|
| **CARL D. RIVERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | Fort Bend County - 458th Judicial District Court |
| **JPMORGAN CHASE BANK, N.A.** | § | _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF,
AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

 COMES NOW Carl D. Rivers, Plaintiff herein, filing this his Original Petition,

Application for Injunctive Relief, and Request for Admissions against JPMorgan Chase Bank,

N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

**DISCOVERY**

 1. Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3

(Level 2).

**PARTIES**

 2. Carl D. Rivers is an individual who resides in Fort Bend County, Texas and may

be served with process on the undersigned legal counsel.

 3. JPMorgan Chase Bank, N.A. is an entity conducts business in Fort Bend County,

Texas and may be served with process as follows:

> JPMorgan Chase Bank, N.A.
> c/o Corporate Officer
> 270 Park Avenue
> New York, NY 10017

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over JPMorgan Chase Bank, N.A. because this Defendant conducts business Fort Bend County, Texas.

5.      The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Fort Bend County, Texas because the subject matter of the lawsuit involves real property which is located in Fort Bend County, Texas. Further, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action against Defendant occurred in Fort Bend County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

6.      The subject matter of the lawsuit is the real property and the improvements thereon located at 4326 Whippoorwill Circle, Missouri City, Texas 77459 (the "Property").

7.      Carl D. Rivers ("Plaintiff") and his wife purchased the Property on or about May 25, 1999. During the process of purchasing the Property, Plaintiff executed a Note as well as a Deed of Trust in which Provident Home Loans is listed as the Lender.  A true and correct copy of the first page of the Deed of Trust is attached hereto as Exhibit 1 and incorporated herein for all purposes.

8.       Plaintiff consistently made his mortgage payments in a timely manner and eventually paid off the Property in advance of the Note's maturity which would have been 2027.

9.      Unfortunately, in July 2024, Plaintiff began to receive a barrage of mail and phone calls from investors wishing to purchase his Property to prevent the coming foreclosure sale scheduled for August 6, 2024.  Apparently, Defendant posted Plaintiff's Property for foreclosure sale without sending him proper and timely notice of default, an opportunity to cure the default,

notice of intent to accelerate, notice of acceleration, and notice of foreclosure sale as required by the Texas Property Code thereby violating Plaintiff's due process rights as well as the Deed of Trust.

10.     Plaintiff was extremely confused because he had not taken out any other mortgages on the Property.  There were no liens on the Property.  Plaintiff began calling Defendant to obtain the reason for their attempted foreclosure of this Property.  Unfortunately, Defendant would not provide Plaintiff with any information regarding the loan because the loan IS NOT IN HIS NAME even though Plaintiff put them on notice that the loan is fraudulent!!! While the name on the mortgage is similar to his name, it is not his name which poses a significant problem.

11.     Plaintiff obtained a copy of the Notice of Foreclosure sale ("NOF") from the County Clerk's office which is attached hereto as Exhibit 2 and incorporated herein for all purposes.  A cursory review of the NOF will show that the Mortgagee for which this particular mortgage belongs is a man by the name of Carl E. Rivers (the ".  Likewise, a cursory review of the Exhibit 1 will show Plaintiff's name as Carl D. Rivers.  So, the person Defendant allowed to place a mortgage on the Property is not the correct owner of the Property which is why Plaintiff had no idea how a lien/mortgage had been placed on the Property.  Because it was not Plaintiff who took this mortgage out on the Property, Defendant has no standing to foreclose on the Property, and by attempting to take this Property even though Plaintiff has owned the Property 4 years before this mortgage was taken out on the Property, Defendant is in clear violation of the Texas Debt Collection Act ("TDCA").

12.     Accordingly, Plaintiff alleges that Defendant is attempting to wrongfully sell his Property at a foreclosure sale on August 6, 2024 in violation of the Deed of Trust, Texas Property

Code, and Plaintiff's due process rights.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

13.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION: VIOLATION OF TEXAS PROPERTY CODE §5.065

14.     To the extent not inconsistent herewith, Carl D. Rivers ("Plaintiff") incorporates by reference the allegations made in paragraphs 1 through 13 as if set forth fully herein.

15.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

16.     The actions committed by JPMorgan Chase Bank, N.A. ("Defendant") constitute violations of the Texas Property Code §5.065 because Defendant never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Defendant to foreclose on their lien rights to the Property.

**SECOND CAUSE OF ACTION:**
<u>**DECLARATORY JUDGMENT**</u>

17.     To the extent not inconsistent herewith, Carl D. Rivers ("Plaintiff") incorporates by reference the allegations made in paragraphs 1 through 16 as if set forth fully herein.

18.     Plaintiffs made, presented, or used the assignment associated with the mortgage loan with knowledge that the documents or other records are fraudulent court records or fraudulent liens or claims against the real property. Additionally, Defendant falsely and fraudulently prepared documents required for Defendant to foreclose as a calculated and fraudulent business practice.

19.     Therefore, Plaintiff seeks a determination of the rights of the parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001 (West).  An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties, in that Plaintiff contends that Defendant did not have the right to foreclose on the Property because Defendant allowed a person to take out a mortgage on a property that they did not own.  More to the point, Defendant allowed the person to take out a mortgage on Plaintiff's Property.

20.     Plaintiff seeks a determination that Defendant is liable for having failed to properly do its due diligence when the loan was executed.

21      Plaintiff seeks a determination that the power of sale in the Deed of Trust had no force and effect at this time as to Defendant because Plaintiff never signed the Deed of Trust and

Defendant is liable for actions in processing, handling, and foreclosure of this loan involved fraudulent, false, deceptive and/or misleading practices including, but not limited to, violations of Texas laws meant to protect the property records and property owner's/mortgage borrowers.

22      Plaintiff seeks a determination that because Defendant did not have standing to initiate foreclosure of the property, that any and all notices sent by Defendant regarding default or foreclosure be declared invalid.

23.      Plaintiff seeks a declaratory judgment for quiet title, thereby voiding all documents on file indicating any interest of Defendant in the Property pursuant to the Deed of Trust, subsequent assignment thereof, appointment of substitute trustee documents and voiding any interest in the name of Defendant in the Property.

**THIRD CAUSE OF ACTION:**
**<u>VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>**

24.      To the extent not inconsistent herewith, Carl D. Rivers ("Plaintiff") incorporates by reference the allegations made in paragraphs 1 through 23 as if set forth fully herein.

25.      This includes an action for violations of the Texas Debt Collection Act ("TDCA") against Defendants. *See* Tex. Fin. Code § 392.001 et seq.

26.      Talley is a "consumer" within the meaning of Section 392.001 of the Texas Finance Code, and the debt in question relating to the Property is a "consumer debt" within the meaning of such statute.

27.      Defendants are debt collectors. "Debt collection" is defined as the act or practice "in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." A "debt collector" therefore includes a creditor who is collecting its own debt. *Smith v. Heard*, 980 S.W.2d 693, (Tex. App.—San Antonio, 1998, pet. denied) (A creditor is not excused from following the provisions of the TDCA on the basis that the debt is owed directly to the

creditor).

28.     The acts, omissions, and conduct of Defendants, as alleged above, herein, and below, constitute violations of the following provisions of the TDCA:

    a.  Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

    b.  Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

    c.  Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

29.     Defendants seek to sell the Property at a foreclosure sale while at the same time committing fraud and violating the Texas Property Code. This is a violation of state law, which in turn is also a violation of TDCA Section 392.301(a)(8). While Defendants may have had contractual authority under the deed of trust to conduct a nonjudicial foreclosure sale in certain circumstances, Defendants sought to foreclose while committing acts in violation of state law. Therefore, by moving forward with foreclosure proceedings, Defendants are taking an action prohibited by law and in violation of the TDCA.

30.     Defendants also made a significant misrepresentation to Plaintiff about the status of his loan and their own services constituting violations of TDCA Sections 392.304(a)(8) and 392.304(a)(14).

31.     Defendants misrepresented to Plaintiff that he is liable for this debt. The debt is clearly a result of fraud. Each time this representation was made, it was false, misleading, and deceptive in violation of TDCA Section 392.304(a)(8).

32.     These statements were misrepresentations not only about the status and

delinquency of Plaintiff's loan but also the status and nature of services that Defendant and its representatives were providing. Therefore, these misrepresentations also violated TDCA Section 392.304(a)(14).

33.     As a result of these violations of the TDCA, Plaintiff is entitled to relief provided by Section 392.403, including but not limited to recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages. Plaintiff is also entitled to exemplary damages and attorneys' fees. *See* Tex. Fin. Code § 392.403.

Actual Damages

34.     Pursuant to Section 392.403 of the Texas Finance Code, Plaintiff is entitled to recover attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court.

### DAMAGES:
### ACTUAL DAMAGES

35.     Plaintiff is entitled to recover his actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

### EXEMPLARY DAMAGES

36.      Plaintiff is entitled to recover his exemplary damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

### ATTORNEYS' FEES

37.     Plaintiff was forced to employ the undersigned attorneys to represent him and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his

reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

38.     All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

39.     Defendant is hereby requested to disclose to Plaintiff, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

40.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraph 1 through paragraph 39 as if set forth fully herein.

41.     Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Defendant has posted Plaintiff's Property at a foreclosure sale on August 6, 2024.  Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give him as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

42.     Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order

and, thereafter, a Temporary Injunction, to restrain Defendant from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 4326 Whippoorwill Circle, Missouri City, Texas 77459 at a foreclosure sale.

43.    Plaintiff further requests that, upon trial on the merits, Defendant be permanently enjoined from the same acts listed in Paragraph 42 above.

44.    Plaintiff is likely to prevail on the merits of the lawsuit as described above.

45.    The granting of the relief requested is not inconsistent with public policy considerations.

## BOND

46.    Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.    Defendant be cited to appear and answer herein;

B.    The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

C.    A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from taking any further foreclosure action to sell the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly

known as 4326 Whippoorwill Circle, Missouri City, Texas 77459 at a foreclosure sale;

D.      A Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraph C above; and

E.      Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully Submitted by,

**Law Office of Erick DeLaRue, PLLC**

By: ___*/s/ Erick DeLaRue*___
**ERICK DELARUE**
Texas Bar No: 24103505
2800 Post Oak Boulevard, Suite 4100
Houston, TX  77056
Telephone: 713-899-6727
Email: erick.delarue@delaruelaw.com

**ATTORNEY FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| **CARL D. RIVERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | |
| **JP MORGAN CHASE BANK,** | § | **_____ JUDICIAL DISTRICT** |
| **NATIONAL ASSOCIATION** | § | |
| | § | |
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL THESE BY MEN PRESENT:** |
| **COUNTY OF FORT BEND** | § | |

## <u>DECLARATION/VERIFICATION OF Carl D Rivers</u>

1.      "My name is Carl D Rivers.  I am the Plaintiff in the above-captioned lawsuit.  I have

read the Plaintiff's Original Petition, Application for Injunctive Relief, and Requests for Disclosures to

which this Declaration relates and offer this Declaration in support of the statements and arguments

asserted herein. I have personal knowledge of the facts therein and state that every factual statement

made is true and correct.  I have never been convicted of a felony or other crime involving moral

turpitude.

My name is Carl D Rivers, my date of birth is 09/08/1961, and my address is 4326

Whippoorwill Circle, Missouri City, TX 77459.  I declare under penalty of perjury that the foregoing

information is true and correct."

Executed in FORT BEND County, State of Texas, on the 22ND day of July, 2024.



_____

Carl D Rivers

# eSignature Details

---

| | |
|---|---|
| **Signer ID:** | **qThf6eoy1wSRF14wobbuNpDL** |
| Signed by: | Carl D Rivers |
| Sent to email: | crivers1113@gmail.com |
| IP Address: | 172.58.54.246 |
| Signed at: | Aug 1 2024, 7:48 pm CDT |

# Exhibit A-4

Filed
8/1/2024 9:51 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Cavazos

# CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER**:  **24-DCV-318940**         CURRENT COURT:_____

Fort Bend County - 458th Judicial District Court

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  **ORIGINAL PETITION**

**FILE DATE OF MOTION:**   **AUGUST 1, 2024**
                        Month/ Day/ Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  **NAME:  JPMorgan Chase Bank, N.A**

     **ADDRESS:  270 Park AvenueNew York, NY 10017**

     **AGENT, (*if applicable*):   c/o Corporate Officer**

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  **CITATION**

 **SERVICE BY** (*check one*)**:**
  ☐ **ATTORNEY PICK-UP**               ☐ **CONSTABLE**

  ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-UP: Courthouse Connection ____Phone: _____
  ☐ **MAIL**                        ☐ **CERTIFIED MAIL**
  ☐ **PUBLICATION:**
       Type of Publication:     ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____
  ☒ **OTHER**, *explain:*  **EMAIL TO ATTORNEY**

**ATTENTION:  Effective June 1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**********************************************************************************************

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*)**:** _____

 **SERVICE BY** (*check one*)**:**
  ☐ **ATTORNEY PICK-UP**               ☐ **CONSTABLE**

  ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

  ☐ **MAIL**                        ☐ **CERTIFIED MAIL**

  ☐ **PUBLICATION:**
       Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
  ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  **Erick DeLaRue**_____TEXAS BAR NO./ID NO.  **24103505**

MAILING ADDRESS:  **2800 Post Oak Blvd., Suite 4100     Houston, TX 77056**_____

PHONE NUMBER:  **832-763-8818**          FAX NUMBER: _____

EMAIL ADDRESS**:**_____ **mailto:mary.daughtrey@delaruelaw.com**_____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                   Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____   AMENDED PETITION
_____   SUPPLEMENTAL PETITION

COUNTERCLAIM
_____   AMENDED COUNTERCLAIM
_____   SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____   AMENDED CROSS-ACTION
_____   SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____   AMENDED THIRD-PARTY PETITION
_____   SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____   AMENDED INTERVENTION
_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____   AMENDED INTERPLEADER
_____   SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO:  _____
                        (specify)
    MOTION TO:  _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

# Exhibit A-5

Filed
8/1/2024 9:51 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Cavazos

CAUSE NO. **24-DCV-318940**

| | | |
|---|---|---|
| **CARL D RIVERS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | Fort Bend County - 458th Judicial District Court |
| **JP MORGAN CHASE BANK, N.A.** | § | _____ **JUDICIAL DISTRICT** |

## **TEMPORARY RESTRAINING ORDER**

ON THIS DATE the Plaintiff's Application for temporary Restraining Order that was incorporated into and pled in Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments of legal counsel at the hearing, IT CLEARLY APPEARS THAT:

A.   Unless   ("Defendant"), their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the Property.  Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Temporary Injunction.

**ROUTED TO COURT**  8/5/24 kc
**RT'D TO D. CLERK**  815/24 MO

B.     Plaintiff will suffer an irreparable harm if Defendant, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendant has posted Plaintiff's property for the August 6, 2024 foreclosure sale, which is real property and Plaintiff's homestead, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiff complete, final, and equitable relief.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from taking any further action in pursuit of foreclosing on the Property (including, but not limited to, sending notices of default, acceleration, and foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 4326 Whippoorwill Circle, Missouri City, Tx 77459  Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Application for Temporary Injunction be heard on the _____ day of _____, _____ starting at _____ a.m./p.m. in the courtroom of the _____ District Court of Fort Bend County located at in the Fort Bend County Courthouse, 1422 Eugene Heimann Circle, Richmond, Texas 770469 and that Defendant is commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

8/20/24

TI hearing set for 10/10/24 10 am via WebEx. Movant to obtain link from cynthia.selfdc458@fbctx.gov and notice all parties.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Fort Bend County District Clerk, a bond in the amount of $__500__, in due conformity with applicable law.  The bond may be in the form of cash, cashier's check, or a check drawn from operating account of Plaintiff's attorney's law firm.

SIGNED and ENTERED this the ____day of __8/5/2024__, _____ at __11:47am__ a.m./p.m.

_____
JUDGE PRESIDING

# Exhibit A-6

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS
NONRESIDENT
CITATION**

TO:   **JPMORGAN CHASE BANK, N.A.
C/O CORPORATE OFFICER
270 PARK AVENUE
NEW YORK NY  10017**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES** filed on **August 01, 2024,** a default judgment may be taken against you.   In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-318940** and is styled:

**CARL D RIVERS V. JPMORGAN CHASE BANK, N.A.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**ERICK DELARUE
LAW OFFICE OF ERICK DELARUE PLLC
2800 POST OAK BOULEVARD SUITE 4100
HOUSTON TX  77056
713-899-6727**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 7th day of August, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
    **Deputy District Clerk** JADA NEWSOME
    **Telephone:** (281) 633-7620

**24-DCV-318940**                                    458th Judicial District Court
**Carl D Rivers v. JPMorgan Chase Bank, N.A.**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.  Executed

at _____, within the County of _____

_____, at _____ o'clock ____M. on the _____ day of _____,

20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
 Name of Officer or Authorized Person

_____County, Texas

By:_____
     Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                         (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation issued to JPMorgan Chase Bank, N.A. on 8/7/2024.

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS
NONRESIDENT
CITATION**

TO:   **JPMORGAN CHASE BANK, N.A.
C/O CORPORATE OFFICER
270 PARK AVENUE
NEW YORK NY  10017**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES** filed on **August 01, 2024,** a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-318940**  and is styled:

**CARL D RIVERS V. JPMORGAN CHASE BANK, N.A.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**ERICK DELARUE
LAW OFFICE OF ERICK DELARUE PLLC
2800 POST OAK BOULEVARD SUITE 4100
HOUSTON TX  77056
713-899-6727**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 7th day of August, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
   **Deputy District Clerk** JADA NEWSOME
   **Telephone:** (281) 633-7620

**SERVICE**

24-DCV-318940                                  458th Judicial District Court
Carl D Rivers v. JPMorgan Chase Bank, N.A.

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.   Executed

at _____, within the County of _____

_____, at _____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____

   Name of Officer or Authorized Person

_____County, Texas

By:_____

     Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

         (First, Middle, Last)

my date of birth is_____, and my address is _____

        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

633-76

## SERVICE

Citation issued to JPMorgan Chase Bank, N.A. on 8/7/2024.

# Exhibit A-7



# BEVERLEY MCGREW WALKER
### DISTRICT CLERK
Fort Bend County, Texas

JPMorgan Chase Bank, N.A.
c/o Corporate Officer
270 Park Avenue
New York NY  10017

**August 08, 2024**

In accordance with the provisions of Rule 21(f)(10) of the Texas Rules of Civil Procedure, you are hereby notified that in the **458TH JUDICIAL DISTRICT COURT;** Fort Bend County, Texas; Cause No. **24-DCV-318940 - CARL D RIVERS V. JPMORGAN CHASE BANK, N.A.**, a(n) **TEMPORARY RESTRAINING ORDER** was signed on  **August 05, 2024**. Attached is a copy of the order/judgment signed.

An additional copy of the **TEMPORARY RESTRAINING ORDER** may be obtained from the Fort Bend County District Clerk's Office, 1422 Eugene Heimann Circle, Room 31004, Richmond, TX 77469 or you may mail a copy request along with payment such as **Money Order** or **Cashier's Check** (*Personal Checks are NOT Accepted*) to Fort Bend County District Clerk's Office, 301 Jackson Street, Room 101, Richmond, TX 77469.

The **TEMPORARY RESTRAINING ORDER** contains **3** page(s). Listed below are the fees to obtain copies:

- **ELECTRONIC CERTIFIED COPIES:** $5.00 Certificate and Seal + $1.00 per page up to 10 pages + $0.10 for each additional page (per document)
- **ELECTRONIC NON-CERTIFIED COPIES:** $1.00 per page up to 10 pages + $0.10 for each additional page (per document)
- **PAPER CERTIFIED COPIES:** $5.00 Certificate and Seal + $1.00 per page (per document)
- **PAPER NON-CERTIFIED COPIES:** $1.00 per page (per document)
- **EXEMPLIFIED COPY:** $5.00 Certificate and Sealed + $1.00 per page (per document)

**Please Note**: **In order to receive an unredacted copy of said document a copy of a valid photo ID must be provided to verify case party identity. Also, if your case is sealed/confidential upon disposition, an order of the court must be granted before a copy can be obtained.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**

By: _____
Deputy District Clerk **Salena M Jasso**
Telephone: **(281)  341-3787**

---

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas  77469

Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street, Room 101
Richmond, Texas  77469



# BEVERLEY MCGREW WALKER

### DISTRICT CLERK
Fort Bend County, Texas

Erick DeLarue
erick.delarue@delaruelaw.com

**August 08, 2024**

In accordance with the provisions of Rule 21(f)(10) of the Texas Rules of Civil Procedure, you are hereby notified that in the **458TH JUDICIAL DISTRICT COURT;** Fort Bend County, Texas; Cause No. **24-DCV-318940 - CARL D RIVERS V. JPMORGAN CHASE BANK, N.A.**, a(n) **TEMPORARY RESTRAINING ORDER** was signed on **August 05, 2024**. Attached is a copy of the order/judgment signed.

An additional copy of the **TEMPORARY RESTRAINING ORDER** may be obtained from the Fort Bend County District Clerk's Office, 1422 Eugene Heimann Circle, Room 31004, Richmond, TX 77469 or you may mail a copy request along with payment such as **Money Order** or **Cashier's Check** (*Personal Checks are NOT Accepted*) to Fort Bend County District Clerk's Office, 301 Jackson Street, Room 101, Richmond, TX 77469.

The **TEMPORARY RESTRAINING ORDER** contains **3** page(s). Listed below are the fees to obtain copies:

- **ELECTRONIC CERTIFIED COPIES:** $5.00 Certificate and Seal + $1.00 per page up to 10 pages + $0.10 for each additional page (per document)
- **ELECTRONIC NON-CERTIFIED COPIES:** $1.00 per page up to 10 pages + $0.10 for each additional page (per document)
- **PAPER CERTIFIED COPIES:** $5.00 Certificate and Seal + $1.00 per page (per document)
- **PAPER NON-CERTIFIED COPIES:** $1.00 per page (per document)
- **EXEMPLIFIED COPY:** $5.00 Certificate and Sealed + $1.00 per page (per document)

**Please Note**: **In order to receive an unredacted copy of said document a copy of a valid photo ID must be provided to verify case party identity. Also, if your case is sealed/confidential upon disposition, an order of the court must be granted before a copy can be obtained.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**

By: _____
Deputy District Clerk **Salena M Jasso**
Telephone: **(281) 341-3787**

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas  77469

Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street, Room 101
Richmond, Texas  77469

# Exhibit A-8

Filed
8/19/2024 8:16 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

CAUSE NO. 24-DCV-318940

| | | |
|---|---|---|
| CARL D. RIVERS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, N.A. | § | |
| | § | |
| Defendants | § | 458th JUDICIAL DISTRICT |

## **DEFENDANT JPMORGAN CHASE BANK, N.A.'S ORIGINAL ANSWER**

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files its Original Answer to Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures (the "Petition").

## I.
### General Denial

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

## II.
### Additional Defenses

Defendant pleads the following matters in defense, should the same be necessary:

1.      Defendant specifically denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met.

2.      Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3.      The Petition fails to state a claim upon which relief may be granted against Defendant.

4.      Defendant seeks credit or offset for amounts due on the note security instrument.

5.      Plaintiff is not entitled to recover attorneys' fees on one or more of his claims.

ROUTED TO COURT 8/19/2024   ER
RT'D TO D. CLERK

6.      Plaintiff's claims are barred because Plaintiff lacks standing to assert the claims.

7.      Plaintiff's claims are barred, in whole or in part, by unclean hands.

8.      To the extent attorneys' fees are recoverable in this action, JPMC seeks to recover its reasonable and necessary attorneys' fees pursuant to the Texas Declaratory Judgment Act.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

10.      Plaintiff's claims may be barred by the doctrine of election of remedies.

11.      To the extent Plaintiff has settled with any third-party regarding the issues in this suit, Defendant is entitled to a settlement credit.

12.      Plaintiff is not entitled to a permanent injunction because there is no cause of action supporting a claim for permanent injunctive relief.

13.      Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, and that Defendant go hence and recover costs in its behalf expended, including its reasonable and necessary attorneys' fees as are equitable and just.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis
State Bar No. 12314560
Gregory M. Sudbury
State Bar No. 24033367
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Main)
(214) 871-2111 (Fax)
llewis@qslwm.com
gsudbury@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of this Original Answer has been furnished to counsel of record in accordance with the Texas Rules of Civil Procedure, this 19th day of August, 2024.

*/s/ Gregory M. Sudbury*
Gregory M. Sudbury

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leisa Wheeless on behalf of Lance Lewis
Bar No. 12314560
lwheeless@qslwm.com
Envelope ID: 91034265
Filing Code Description: Answer/Response
Filing Description: Defendant JPMorgan Chase Bank, N.A.'s Original Answer
Status as of 8/19/2024 2:51 PM CST

Associated Case Party: CarlDRivers

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erick DeLaRue | 24103505 | erick.delarue@delaruelaw.com | 8/19/2024 8:16:08 AM | SENT |

Associated Case Party: JPMorgan Chase Bank, N.A.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gregory M.Sudbury | | gsudbury@qslwm.com | 8/19/2024 8:16:08 AM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 8/19/2024 8:16:08 AM | SENT |

# Exhibit B

## 📍 Map



## 🔖 Property Details

| Account | | |
|---|---|---|
| **Quick Ref ID:** | R217584 | **Geographic ID:** 5710-02-002-0070-907 |
| **Type:** | Real Residential | **Zoning:** |
| **Property Use:** | | **Condo:** |
| **Location** | | |
| **Situs Address:** | 4326 Whippoorwill CIR, Missouri City, TX 77459 | |
| **Map ID:** | A-102-E | **Mapsco:** |
| **Legal Description:** | OYSTER CREEK PLANTATION SEC 2, BLOCK 2, LOT 7 | |
| **Abstract/Subdivision:** | 5710-02 - OYSTER CREEK PLANTATION SEC 2 | |
| **Neighborhood:** | 4310 | |
| **January 1 Owner ❓** | | |
| **Owner ID:** | O0892045 | |
| **Name:** | Rivers Carl D & Kimberly | |
| **Agent:** | | |
| **Mailing Address:** | 4326 Whippoorwill CIR<br>Missouri City, TX 77459-2975 | |
| **% Ownership:** | 100.00% | |

| Exemptions: | HS - Homestead<br>For privacy reasons not all exemptions are shown online. |
| --- | --- |

## 🔖 Property Values

| | |
| --- | --- |
| **Improvement Homesite Value:** | $350,627 (+) |
| **Improvement Non-Homesite Value:** | $0 (+) |
| **Land Homesite Value:** | $51,480 (+) |
| **Land Non-Homesite Value:** | $0 (+) |
| **Agricultural Market Valuation:** | $0 (+) |
| | |
| **Value Method:** | COST |
| **Market Value:** | $402,107 (=) |
| **Agricultural Value Loss:**❓ | $0 (-) |
| | |
| **HS Cap Loss/Circuit Breaker:** ❓ | $17,049 (-) |
| | |
| **Appraised Value:** | $385,058 |
| **Ag Use Value:** | $0 |

**The deadline to protest this property is May 15, 2024**

Information provided for research purposes only. Legal descriptions and acreage amounts are for Appraisal District use only and should be verified prior to using for legal purpose and or documents. Please contact the Appraisal District to verify all information for accuracy.

## 🔖 Property Taxing Jurisdiction

**Owner:** Rivers Carl D & Kimberly **%Ownership:** 100.00%

| Entity | Description | Market Value | Taxable Value |
|--------|-------------|-------------:|--------------:|
| C09 | City of Missouri City | $402,107 | $375,432 |
| D01 | Fort Bend Drainage | $402,107 | $308,046 |
| G01 | Fort Bend General | $402,107 | $308,046 |
| J07 | Houston Com Col Missouri City | $402,107 | $319,598 |
| M16 | First Colony MUD 9 | $402,107 | $385,058 |
| S07 | Fort Bend ISD | $402,107 | $285,058 |

**Total Tax Rate:** 0.000000

## 🔖 Property Improvement - Building

**Type:** Residential **State Code:** A1 **Living Area:** 3,084.00 sqft **Value:** $350,627

| Type | Description | Class CD | Year Built | SQFT |
|------|-------------|----------|-----------:|-----:|
| MA | Main Area | RA2+ | 1998 | 1,762.00 |
| MA2 | Main Area 2nd Story | RA2+ | 1998 | 1,322.00 |
| AG | Attached Garage | RA2+ | 1998 | 420.00 |
| OP | Open Porch | RA2+ | 1998 | 28.00 |
| RS | Residential Storage | RS1 | 2006 | 64.00 |

## 🔖 Property Land

| Type | Description | Acreage | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|------|-------------|--------:|-----:|-----------|-----------|-------------:|------------:|
| RX | Residential Cul-de-sac | NaN | 10,260.00 | | | $51,480 | $0 |

## 🔖 Property Roll Value History

| Year | Improvements | Land Market | Ag Valuation | HS Cap Loss | Appraised |
|------|-------------|-------------|--------------|-------------|-----------|
| 2025 | N/A | N/A | N/A | N/A | N/A |
| 2024 | $350,627 | $51,480 | $0 | $17,049 | $385,058 |
| 2023 | $365,793 | $39,600 | $0 | $55,340 | $350,053 |
| 2022 | $316,310 | $39,600 | $0 | $37,680 | $318,230 |
| 2021 | $249,700 | $39,600 | $0 | $0 | $289,300 |
| 2020 | $247,050 | $39,600 | $0 | $0 | $286,650 |
| 2019 | $238,010 | $39,600 | $0 | $0 | $277,610 |
| 2018 | $241,830 | $39,600 | $0 | $0 | $281,430 |

## 🔖 Property Deed History

| Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Number |
|-----------|------|-------------|---------|---------|--------|------|--------|
| 1/10/2024 | J | Judgment | | Rivers Carl D & Kimberly | | | 2024007093 |
| | DGWVL | Deed, General Warranty with Vendors Lien | RIVERS, KIMBERLY L | Rivers, Carl Elson | | | 2002107094 |
| | DSW | Deed, Special Warranty | Federal National Mortgage Assoc aka Fannie Mae | RIVERS, KIMBERLY L | | | 2002107093 |
| | DST | Deed, Substitute Trustee | RIVERS, KIMBERLY L | Federal National Mortgage Assoc aka Fannie Mae | | | 2002072462 |
| | Conv | Conversion | MHI Partnership LTD | RIVERS, KIMBERLY L | | | 99052297 |
| | Conv | Conversion | | MHI Partnership LTD | | | 9832262 |